IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


ANNETTE RIPPETO-BRUNER                                              PLAINTIFF


v.                              CIVIL NO. 6:24-cv-06028


CAROLYN W. COLVIN,[1] Acting Commissioner                           DEFENDANT
Social Security Administration

### MEMORANDUM OPINION

Plaintiff, Annette Rippeto-Bruner, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 1382. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed her application for SSI on May 29, 2020. (Tr. 23). In her application, Plaintiff alleged disability beginning on April 1, 2019, due to neuropathy, anxiety, and complex regional pain syndrome. (Tr. 23, 293). An administrative hearing was held via telephone on October 31, 2022, at which Plaintiff appeared with counsel and testified. (Tr. 68–99). A vocational expert ("VE") also testified. *Id*.

On February 27, 2023, the ALJ issued an unfavorable decision. (Tr. 20–41). The ALJ found that Plaintiff had the following severe impairments: polyneuropathy, degenerative disc

---

[1] Carolyn W. Colvin, has been appointed to serve as Acting Commissioner of the Social Security Administration, and is substituted as Defendant pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

disease, chronic pain syndrome, cervicalgia, laceration of left thumb status post-surgery, depression, and anxiety. (Tr. 25). The ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 26–28). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR 416.967(b) except she would be additionally limited to: only frequent fingering and handling; no climbing ladders, ropes, or scaffolds; occasional stooping, crouching, bending, kneeling, and crawling; and limited to simple, routine, repetitive tasks with ability to make simple work-related decisions. (Tr. 28–34).

The ALJ found, with the assistance of the VE testimony, that Plaintiff was capable of performing her past relevant work as a para-mutual cashier. (Tr. 34–35). The ALJ found Plaintiff was not disabled from May 29, 2020, through February 27, 2023, the date of the decision. (Tr. 35). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 9, 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other

words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues on appeal: 1) whether the RFC assessment is incomplete and not supported by substantial evidence where the RFC is more restrictive than the hypothetical posed to the vocational expert and the ALJ failed to account for mental limitations; and 2) whether the ALJ erred by failing to incorporate the prior administrative medical findings of James Hazelwood, M.D., into the RFC assessment despite finding the opinion persuasive and without explanation. (ECF No. 16). Defendant argues that the ALJ properly determined Plaintiff could perform past relevant work at step four of the sequential evaluation process and, as the ALJ did not proceed to step five, the testimony of a VE was not even required—rendering Plaintiff's first argument moot. (ECF No. 13). Defendant further argues that the ALJ properly evaluated prior administrative medical findings, including the opinion of Dr. Hazlewood, and that the ALJ was not required to adopt the opinion entirely simply because he found it to be mostly persuasive.

The ALJ found the opinions of state agency medical consultants Dr. Charles Friedman and Dr. James Hazlewood mostly persuasive and supported by detailed explanation and evidence reviewed. (Tr. 32). Dr. Friedman and Dr. Hazlewood offered similar opinions as to Plaintiff's RFC, however, Dr. Hazlewood additionally opined that Plaintiff could perform no overhead reaching bilaterally and could only frequently handle bilaterally. *Id*. The ALJ explicitly stated that he was adopting the exertional light limitations and the postural and manipulative limitations opined by Dr. Charles Friedman and Dr. Hazlewood. (Tr. 33). While the ALJ did discuss Plaintiff's positive response to surgery on her left thumb and discussed her ability to write to complete her function reports, he did not state at any point that these were reasons that he found Dr. Hazlewood's

overhead reaching limitation unpersuasive. (Tr. 32–33). In contrast, the ALJ clearly stated that he would not adopt Dr. Friedman and Dr. Hazlewood's opinion that Plaintiff would have visual limitations and provided clear reasoning for not doing so. *Id*. Defendant's RFC argument asks the Court to read between the lines of the ALJ's decision and infer what the ALJ meant to—but did not actually—say. The ALJ never reconciled statement that he was adopting the postural and manipulative limitations in Dr. Hazlewood's opinion and the omission of any overhead reaching limitations. While changes were made to how the Social Security Administration treats medical opinions which impact all cases filed on or after March 27, 2017, an ALJ is still required to resolve conflicts between the RFC findings and opinions from a medical source. *See* 20 C.F.R. § 404.1520c; *Stafford v. Kijakazi*, 2022 WL 350861 at *4 (W.D.Mo. Feb. 7, 2022)(Finding ALJ erred where the RFC deviated from an opinion the ALJ found persuasive). The Court finds remand is necessary for the ALJ to more clearly consider the Plaintiff's RFC.

### IV.  Conclusion

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 21st day of January 2025.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE